NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1089

JOHN DOE, SEX OFFENDER REGISTRY BOARD NO. 447842

vs.

SEX OFFENDER REGISTRY BOARD.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, John Doe, appeals from a Superior Court judgment affirming a decision by the Sex Offender Registry Board (SORB) ordering him to continue registering as a level three sex offender.  See G. L. c. 6, § 178K (2) (c).  On appeal, Doe maintains that (1) the hearing examiner improperly based her decision on unreliable hearsay and (2) the level three reclassification was not supported by substantial evidence.  We affirm.

Background.  We summarize the facts found by the hearing examiner, supplemented by additional undisputed facts from the record.  Doe, Sex Offender Registry Bd. No. 10800 v. Sex

Offender Registry Bd., 459 Mass. 603, 606 (2011) (Doe No. 10800).

In June 2009, a fourteen year old girl (victim 1) reported to police that she was raped by Doe, who was the boyfriend of her brother's roommate.  Victim 1 told police that she was drinking alcohol and smoking marijuana with a friend, Doe, and Doe's girlfriend.  Victim 1's brother joined them, and they continued drinking until she felt dizzy and "passed out" on a love seat in the living room of her brother's apartment.  When she woke up, she felt Doe on top of her and vaginally penetrating her with his penis.  She yelled at him to get off her, but he refused.  Doe pressed his forearms against her shoulders, holding her down, and she was unable to move.  Victim 1 described the rape lasting approximately fifteen minutes and described Doe's boxers as dark in color.  Victim 1 said she felt dizzy after the rape, "passed out" until the morning, and woke up in pain, especially around her vaginal area.

Following a trial in the Superior Court in June 2010, a jury acquitted Doe of rape of a child under the age of sixteen with force.  The hearing examiner found that despite Doe's acquittal, victim 1's statements were "sufficiently detailed, credible and reliable to find them as fact" in the reclassification decision.  The hearing examiner found that

2

Doe's girlfriend and the victim's brother corroborated the victim's statements that they had consumed drugs and alcohol and that she had fallen asleep on a couch after not feeling well. The hearing examiner also found that the victim's medical records confirmed that she had been "forcefully penetrated with signs of vaginal trauma and abrasions." The hearing examiner considered the incident as "the first detected sexual misconduct perpetrated by [Doe]."

In February 2012, the fourteen year old daughter of Doe's girlfriend (victim 2) told police that he began sexually assaulting her in May 2011. She reported that on twenty different occasions, Doe forced his penis into her mouth. Victim 2 stated that he also touched her breast and vagina approximately nine to twelve times. Following a Superior Court jury trial in October 2013, Doe was convicted of one count of rape of a child under the age of sixteen with force in violation of G. L. c. 265, § 22A, assault of a child with intent to commit rape in violation of G. L. c. 265, § 24B, and two counts of indecent assault and battery on a person fourteen or older violation of G. L. c. 265, § 13H.

On or about December 17, 2018, SORB notified Doe of his duty to register as a level three sex offender pursuant to G. L. c. 6, § 178K (2) (c). Doe challenged the recommendation and

3

after a hearing on June 25, 2019, Doe was classified as a level three sex offender. On November 14, 2022, Doe petitioned SORB for reclassification. After reviewing Doe's petition, SORB recommended that Doe continue to be required to register as a level three sex offender. Doe requested a hearing to challenge SORB's recommendation and the hearing examiner held a de novo reclassification hearing on June 22, 2023. On September 6, 2023, the hearing examiner found Doe had a continuing duty to register as a level three sex offender. Doe appealed that decision to the Superior Court, where a judge denied his motion for judgment on the pleadings and affirmed the hearing examiner's decision on July 2, 2024.

Discussion. We review de novo a judge's consideration of an agency decision. Doe, Sex Offender Registry Bd. No. 523391 v. Sex Offender Registry Bd., 95 Mass. App. Ct. 85, 89 (2019) (Doe No. 523391). We "may set aside or modify SORB's classification decision" if we determine that it exceeds "SORB'S statutory authority or jurisdiction, violates constitutional provisions, is based on an error of law, or is not supported by substantial evidence." Doe, Sex Offender Registry Bd. No. 496501 v. Sex Offender Registry Bd., 482 Mass. 643, 649 (2019) (Doe No. 496501), citing G. L. c. 30A, § 14 (7). We "give due weight to the experience, technical competence, and

4

specialized knowledge of the agency." Doe, Sex Offender Registry Bd. No. 205614 v. Sex Offender Registry Bd., 466 Mass. 594, 602 (2013), quoting G. L. c. 30A, § 14 (7).

1. Admission of hearsay evidence. Doe contends that the hearing examiner erred in admitting the hearsay statement of victim 1 to police because it lacked the requisite indicia of reliability. As a result, Doe argues that the hearing examiner's reliance on the hearsay prejudiced him because it formed the basis of her determination that Doe raped victim 1, which led to the hearing examiner erroneously classifying him as a level three sex offender. We are not persuaded.

"A hearing examiner is not bound by the rules of evidence applicable to court proceedings." Doe, No. 10800, 459 Mass. at 638. Hearing examiners may exercise their discretion to admit and give probative value to evidence "if it is the kind of evidence on which reasonable persons are accustomed to rely in the conduct of serious affairs." Id., quoting G. L. c. 30A, § 11 (2). "[H]earsay evidence bearing indicia of reliability constitutes admissible and substantial evidence." Id. Where there is an allegation of sexual misconduct that did not result in a conviction for a sex offense, the hearing examiner may consider the facts underlying the charges where such facts are proven by a preponderance of evidence. Doe, Sex Offender

5

Registry Bd. No. 3177 v. Sex Offender Registry Bd., 486 Mass. 749, 757 (2021) (Doe No. 3177).

When determining whether hearsay evidence is substantially reliable, a hearing examiner should consider factors including "the general plausibility and consistency of the victim's or witness's story, the circumstances under which it is related, the degree of detail, [and] the motives of the narrator, [and] the presence or absence of corroboration" (citation omitted). Doe, Sex Offender Registry Bd. No. 356011 v. Sex Offender Registry Bd., 88 Mass. App. Ct. 73, 78 (2015) (Doe No. 356011). We review "whether it was reasonable for the examiner to admit and credit the facts described in the hearsay evidence" (quotation and citation omitted). Doe No. 523391, 95 Mass. App. Ct. at 89.

Victim 1's statement, given to police the day after the rape, was plausible, consistent, and detailed. Moreover, her account was corroborated by other witnesses. See Doe No. 356011, 88 Mass. App. Ct. at 78. Victim 1's brother's statement to police corroborated her narrative of the events prior to and after the rape. Her brother reported to police that she told him she had not been feeling well that evening, and he later saw her "on the couch curled up into a ball" and her friend asleep on a recliner next to her, corroborating victim 1's statement

6

that she had "passed out" on a love seat.  Victim 1's brother told police that he saw Doe asleep on the bed in dark-colored boxers, corroborating victim 1's description of the color of Doe's boxers.  Doe's girlfriend reported to police that they had all been drinking and smoking marijuana.  Victim 1's statement was further corroborated by her mother's statement to police that the sexual assault evaluation performed on victim 1 at the hospital revealed "trauma and abrasions" and "forced entry" to her vagina.

Doe argues that inconsistencies in some of the statements given by witnesses regarding the events leading up to the rape show that the statements lack indicia of reliability. Although there were some inconsistent statements, they involved details such as the timing of when victim 1's brother and her friend arrived at the party and whether victim 1's sister was present at the party.  The inconsistencies noted by Doe fail to undermine the reliability of victim 1's statements describing the rape, which, as we have discussed, contained specific details that were corroborated in part by other witnesses.  See Doe No. 3177, 486 Mass. at 758-760 (victim's hearsay statements, which included multiple inconsistencies, could be found reliable where hearing examiner considered partial corroboration from other witness statements, weighed entirety of evidence, and

7

found there was no substantial evidence that victim was deceptive). See also Doe No. 523391, 95 Mass. App. Ct. at 90 ("other inconsistent statements by a hearsay declarant may or may not detract from the reliability of the hearsay, depending on the circumstances of those statements").

From the evidence, we conclude that the hearing examiner properly determined that the statement made by victim 1 to the police was credible, reliable, and proved by a preponderance of evidence that Doe raped her. See Doe No. 523391, 95 Mass. App. Ct. at 89. See also Doe No. 10800, 459 Mass. at 633 ("It is the province of the board, not [the] court, to weigh the credibility of the witnesses and to resolve any factual disputes"). The hearing examiner did not err in considering the 2009 allegation of rape as evidence of Doe's sexual misconduct in her reclassification decision.

2. Substantial evidence. Doe argues that the hearing examiner's applications of factor 9 (substance use) and factor 24 (less than satisfactory participation in sex offender treatment) were not supported by substantial evidence and warrant a remand. We disagree.

We view "substantial evidence" as "such evidence as a reasonable mind might accept as adequate to support a conclusion." Doe No. 10800, 459 Mass. at 632, quoting G. L.

8

c. 30A, § 1 (6).  Classification decisions must be established by clear and convincing evidence, and "a hearing examiner may consider subsidiary facts that have been proved by a preponderance of the evidence."  Doe No. 496501, 482 Mass. at 656.

Doe contends that the hearing examiner's application of factor 9 was error because it relied on stale evidence.  The argument lacks merit.  Factor 9 "applies when the sex offender has a history of substance use . . . or when the offender's substance use was a contributing factor in the sexual misconduct."  803 Code Mass. Regs. § 1.33(9)(a) (2016).  The hearing examiner applied factor 9 with full weight.  The evidence amply supported the hearing examiner's finding that "substance use contributed to [Doe's] sexual offending against victim 1."  Multiple witnesses told police that Doe had been drinking alcohol and smoking marijuana on the evening of the rape of victim 1.  Doe's girlfriend reported to police that Doe bought and used cocaine that evening and that he regularly used controlled substances.

The hearing examiner considered evidence that in 2017, Doe "was disciplined in 2017 for attempting to introduce drugs into the facility approximately four years into his incarceration" and his positive tests for marijuana while he was incarcerated

for the governing offenses.  The hearing examiner also properly considered that since Doe's release from custody in September 2020, there was no evidence that Doe "has attempted to engage in substance abuse treatment or has maintained sobriety."

Doe contends that the hearing examiner failed to consider evidence that Doe completed substance use treatment while incarcerated.  In light of the other evidence supporting the hearing examiner's finding that Doe had a substance abuse history and that his substance use contributed to his sexual offending against victim 1, we conclude that the examiner acted within her discretion by applying factor 9 with full weight.  When making a classification decision, a hearing examiner "has discretion . . . to consider which statutory and regulatory factors are applicable and how much weight to ascribe to each factor" (citation omitted).  Doe, Sex Offender Registry Bd. No. 22188 v. Sex Offender Registry Bd., 96 Mass. App. Ct. 738, 742 (2019) (Doe No. 22188).

We find unavailing Doe's contention that the hearing examiner abused her discretion in applying factor 24 (less than satisfactory participation in sex offender treatment).  Factor 24 states that "[o]ffenders who refuse to participate in, dropped out of, or are terminated by their treatment provider from sex offender treatment present an increased risk of re-

offense." 803 Code Mass. Regs. § 1.33(24)(a) (2016). Doe contends that his refusal to participate in sex offender treatment should not have been considered because his case had been appealed and his refusal was based on confidentiality concerns. However, the evidence demonstrates that he refused sex offender treatment because he maintained that he was innocent of the crime and because he did not "agree with the police report." The hearing examiner acted within her discretion in applying factor 24.

Even if the hearing examiner misapplied factors 9 and 24, we are confident that the error did not affect the classification, as her decision rests largely on nine other risk-elevating factors and two high-risk factors. See Doe No. 22188, 101 Mass. App. Ct. at 803-805. We conclude that omitting factors 9 and 24 would not have changed Doe's classification as a level three offender.

Judgment affirmed.

By the Court (Singh, Grant & Tan, JJ.[1]),

Clerk

Entered: March 23, 2026.

_____

[1] The panelists are listed in order of seniority.

11